# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2011

No. 11-30142
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY DEWAYNE MOORE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-56-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Billy Dewayne Moore was indicted for being a felon in possession of a .45 caliber pistol and .45 caliber ammunition. The Government filed a notice that it would be seeking a sentencing enhancement under the Armed Career Criminal Act base on Moore's three prior Louisiana felony convictions. The Government also filed a notice that it intended to present evidence pursuant to Federal Rule of Evidence 404(b) consisting of testimony that Moore brandished a similar weapon while engaged in an altercation with a man who was walking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an infant in a stroller.  Moore filed no opposition.  The district court allowed the introduction of the Rule 404(b) evidence.  The jury convicted Moore.  The district court sentenced Moore to 235 months of imprisonment to be followed by 5 years of supervised release.

Moore argues that the district court erred in allowing the Government to present evidence of other crimes, wrongs, or bad acts pursuant to Federal Rule of Evidence 404(b).  "[W]here the defendant did not object to the evidence on the basis presented on appeal, [this court] review[s] the district court's evidentiary ruling for plain error."  *United States v. Williams*, 620 F.3d 483, 488-89 (5th Cir. 2010), *cert. denied,* 131 S. Ct. 1534 (2011).  We use a two-pronged test to determine if the district court abused its discretion in admitting Rule 404(b) testimony.  *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  We first determine whether "the extrinsic evidence is relevant to an issue other than the defendant's character."  *Id.*  Next, we examine whether the evidence possesses "probative value that is not substantially outweighed by its undue prejudice."  *Id.*  Given the stipulations in the case, the only issue for trial was whether Moore knowingly possessed the firearms.  Contrary to Moore's argument, the evidence in question was relevant to his knowledge and intent, an issue other than his character, and satisfied the first prong of the *Beechum* standard.  *See Beechum*, 582 F.2d at 911.

Turning to the second prong of *Beechum*, the overall similarity of the extrinsic evidence and the offense charged was great.  *See Beechum,* 582 F.2d at 915.  In both instances, possession of the pistol was the central fact.  The extrinsic act had occurred only days prior to the charged offense, such that the events were temporally proximate.  *Id.*  The prejudice alleged by Moore is that the extrinsic evidence showed him accosting a man with a baby.  It cannot be said that such a fact clearly and plainly established that the significant probative value of the Rule 404(b) evidence in this case was outweighed by its prejudicial effect.  *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423,

1429 (2009).  Moore has not shown that it was plain error to admit the evidence.

Moore argues under *United State v. Deharce-Estrada*, 526 F.2d 637 (5th Cir. 1976), that the district court's management of the trial deprived him of due process.  In this case, unlike *Deharce-Estrada*, defense counsel did not object to any of the actions of the district court, and Moore concedes that review is for plain error.  Moore does not argue that he was unable to present adequately any portion of his defense due to the actions of the district court.  The record discloses nothing about the management of this case that approaches the action of the district court in *Deharce-Estrada*.  Moore has not shown that the district court acted improperly much less plainly or clearly so in conducting his trial.

AFFIRMED.